# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 21-1480V
UNPUBLISHED

| | |
|---|---|
| STEVEN MEHARRY,<br><br>                     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                     Respondent. | Chief Special Master Corcoran<br><br>Filed: January 18, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY,* for Petitioner.

*Felicia Langel, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

On June 16, 2021, Steven Meharry filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on September 16, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 18, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On January 13, 2023, Respondent filed a Rule 4(c) Report Recommending Compensation and Proffer of Compensation ("Proffer") indicating Petitioner should be awarded a lump sum of $92,239.59 ($90,000.00 for pain and suffering and $2,239.59 for paid past unreimbursable medical expenses); and a lump sum

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

of $1,302.50, representing compensation for unpaid past unreimbursable medical expenses to Team Rehabilitation Physical Therapy. Proffer at 4. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award the following:**

A. **A lump sum payment of $92,239.59 (representing $90,000.00 for pain and suffering and $2,239.59 for paid past unreimbursable medical expenses) in the form of a check payable to Petitioner; and**

B. **A lump sum of $1,302.50, representing compensation for unpaid past unreimbursable medical expenses, in the form of a check payable jointly to Petitioner and Team Rehabilitation Physical Therapy.**[3]

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Attn: Acct #1068175-TRH, Team Rehabilitation Physical Therapy, PO Box 371863, Pittsburgh, PA 15250-7863.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.